IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARRAR ALI KAHUDUM,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | No. 3:19-cv-224-G (BT) |
| JIMMY JOHNSON,<br>Respondent. | §<br>§<br>§ | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
## **OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a native and citizen of Iraq, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 3), challenging his detention in immigration custody pending his removal to Iraq. Petitioner alleges he was convicted of federal drug and firearm crimes and, as a result, was charged as removable pursuant to 8 U.S.C. § 1227(a)(2)(B) and (C). He states he was taken into custody on July 6, 2017 and was ordered removed from the United States on or about July 7, 2018. By his petition, he argues his removal to Iraq is not likely to occur in the reasonably foreseeable future, and that he has been detained beyond the time allowed by *Zadvydas v. Davis*, 533 U.S. 678 (2001). On April 1, 2019, Respondent filed an answer stating that the Iraqi government had issued a travel document for Petitioner, and that his removal would occur soon. Petitioner responded by filing a motion to stay and abate this case until he is actually removed to Iraq. Mot. (ECF No. 9). On June 20, 2019, Petitioner was removed to Iraq. (ECF No. 11-1 at 2.)

The only relief Petitioner seeks in this petition is release from immigration custody pending his removal to Iraq. A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F.3d 900, 903 (5th Cir. 2014). Here, Petitioner's removal from the United States has provided him the relief he seeks in this petition. Therefore, the Court should deny Petitioner's motion to stay and abate (ECF No. 9) and dismiss as moot the § 2241 petition for a writ of habeas corpus. *See Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) (stating any challenge to petitioner's post-removal-order detention is moot once the petitioner is removed from the United States) (citing *Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003) (per curiam); *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986)).

Signed August 16, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).